1
2
3
4
5
6
7              UNITED STATES DISTRICT COURT
8              SOUTHERN DISTRICT OF CALIFORNIA
9

10   FENELLA ARNOLD, KELLY                Case No.:  19-cv-1969-WQH-MDD
11   NAKAI, and MICHELE
     RUPPERT, Individually and on         **ORDER**
12   behalf of all others similarly
     situated,
13
14                          Plaintiffs,
15   v.
16   HEARST MAGAZINE MEDIA,
17   INC., a Delaware corporation;
     CDS GLOBAL, INC., an Iowa
18   corporation; and DOES 1-50,
     Inclusive,
19
20                          Defendants.

21   HAYES, Judge:
22        The matter before the Court is the Motion for Leave to File Second Amended
23   Complaint filed by Plaintiffs Fenella Arnold, Kelly Nakai, and Michele Ruppert. (ECF No.
24   21).
25   **I.   BACKGROUND**
26        On September 10, 2019, Plaintiffs Fenella Arnold and Kelly Nakai filed a Class
27   Action Complaint in the Superior Court for the State of California, County of San Diego,
28   against Defendants Hearst Magazine Media, Inc., CDS Global, Inc., and Does 1 through

50. (ECF No. 1-2). On October 10, 2019, Defendants removed the action to this Court. (ECF No. 1). On December 9, 2019, Plaintiffs Fenella Arnold, Kelly Nakai, and Michele Ruppert filed a First Amended Complaint ("FAC"), alleging individual and class claims against Defendants for unjust enrichment and for violations of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL"); California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL"); and California's Consumer Legal Remedies Act, Cal. Civ. Code § 1770 ("CLRA"). (ECF No. 14). Plaintiff Nakai further alleged an individual and class claim for violation of section 1716 of the California Civil Code.

On January 22, 2020, Defendants filed a Motion to Dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 17). On June 25, 2020, the Court issued an Order granting Defendants' Motion to Dismiss and dismissing the FAC without prejudice and with leave to file a motion for leave to amend. (ECF No. 20).

On July 24, 2020, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. (ECF No. 21). Plaintiffs contend that the Court should grant leave to amend because the proposed second amended complaint ("SAC") adds exhibits and factual allegations that directly address the Court's concerns expressed in the June 25, 2020, Order granting Defendants' Motion to Dismiss.

On August 17, 2020, Defendants filed an Opposition to the Motion for Leave to File Second Amended Complaint. (ECF No. 22). Defendants contend that amendment would be futile because the proposed SAC fails to state a claim upon which relief can be granted. Defendants contend that the new factual allegations in the proposed SAC fail to cure the deficiencies identified in the Court's June 24, 2020, Order.

On August 24, 2020, Plaintiffs filed a Reply. (ECF No. 23).

## II.   LEGAL STANDARD

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th

Cir. 2003) (per curiam) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)). The Supreme Court has identified several factors district courts should consider when deciding whether to grant leave to amend: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Smith v. Pac. Props. Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

## III.    RULING OF THE COURT

In the proposed SAC, Plaintiffs bring claims against Defendants for unjust enrichment and for violations of the FAL, UCL, and CLRA arising from Defendants' alleged automatic renewal of term magazine subscriptions. The proposed SAC deletes Plaintiff Nakai's claim for violation of section 1716 of the California Civil Code and adds factual allegations in support of the remaining claims. Defendants' sole argument against granting leave to amend is futility. However, "the sufficiency of an amended pleading ordinarily will not be considered on a motion for leave to amend." *Breier v. N. Cal. Bowling Proprietors' Ass'n*, 316 F.2d 787, 790 (9th Cir. 1963); *see Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on [futility] ground[s] is rare."). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182. The Court will defer consideration of Defendants' challenges to the merits of the proposed SAC until after the amended pleading is filed. *See Netbula*, 212

F.R.D. at 539 ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *Hynix Semiconductor, Inc. v. Toshiba Corp.*, No. C-04-4708 VRW, 2006 U.S. Dist. LEXIS 82148, at *6 (N.D. Cal. Oct. 31, 2006) (Defendant's challenges to the merits of a proposed amended pleading "should be addressed in a motion to dismiss or for summary judgment, not in an opposition to the present motion for leave to amend."). Defendants have not shown that they would be prejudiced by the amendment or made "a strong showing" that the *Foman* factors warrant deviating from the "presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052 (emphasis omitted). Accordingly,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to File Second Amended Complaint (ECF No. 21) is granted. Plaintiffs shall file the proposed second amended complaint attached as "Exhibit A" to the Declaration of Zach P. Dostart (ECF No. 21-3) within five (5) days of the date of this Order.

Dated:  September 17, 2020

Hon. William Q. Hayes
United States District Court